Action by the Farmers' Loan & Trust Company against Benedict A. Klein and others. No opinion. Motion denied, upon payment of $10 costs, and, upon payment of an additional $10, leave given to apply to court below to open default.

FARMERS' & MERCHANTS' STATE BANK v. STRINGER et al. (Supreme Court, Appellate Division, Third Department. September 3, 1902.) Action by the Farmers' & Merchants' State Bank against Charles A. Stringer and others. No opinion. Motion denied.

FERGUSON v. BUFFALO TRACTION CO. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Harold Ferguson against the Buffalo Traction Company. No opinion. Defendant's exceptions overruled, motion for new trial denied, and judgment ordered for the plaintiff upon the verdict, with costs.

FIRST METHODIST EPISCOPAL SOC. OF MUD CREEK, Respondent, v. WHITAKER, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) Action by the First Methodist Episcopal Society of Mud Creek against Spencer J. Whitaker, as executor, etc. No opinion. Judgment affirmed, with costs.

In re FOLDS. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) In the matter of the application of George R. Folds for admission to practice as an attorney and counselor at law. No opinion. Application granted.

FORNES, Respondent, v. SIEGEL, Appellant (two cases). (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Actions by Charles V. Fornes against Charles Siegel. No opinion. Orders affirmed, with $10 costs and disbursements.

FOSTER, Appellant, v. INTERNATIONAL PAPER CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by Joseph Foster, Jr., against the International Paper Company. No opinion. Appeal transferred to the Third department.

In re FRENCH. (Supreme Court, Appellate Division, First Department. October 17, 1902.) In the matter of Amos T. French. No opinion. Motion granted, with $10 costs.

FRENCH, Respondent, v. FRENCH et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) Action by Mary C. French against Phœnix W. French and others. No opinion. Order reversed on argument, with $10 costs and disbursements, on the ground that no legal notice of the application was given to the husband.

FRIEDBERG, Appellant, v. PULLMAN CO., Respondent. (Supreme Court, Appellate Term. June, 1902.) Action by Estelle Friedberg against the Pullman Company. D. B. Baum, for appellant. Saunders, Webb & Worcester, for respondent. No opinion. Judgment affirmed, with costs.

FRIESE, Respondent, v. HOEFLER et al., Appellants. (City Court of New York, General Term. June 1902.) Action by Ida Friese against William Hoefler and another. Davis & Kaufmann, for appellants. Alden & Carpenter, for respondent.

SEABURY, J. All the parties to this action are children of Christian M. Hoefler, who, prior to 1897, carried on the piebaking business, which the defendants now conduct as copartners. Under the will of the father, the business was given to the defendants. The plaintiff claims that she, together with other children of her father, who were not parties to this action, were dissatisfied with the terms of their father's will, and believed that the will had been procured through undue influence exercised by the defendant Charles Hoefler. She claims that she abandoned the idea of a contest of her father's will, in consideration of the promise of Charles, for himself and on behalf of the other defendants, that all the defendants would pay her $10 a week out of the proceeds of the business as long as they continued to conduct the business. Plaintiff alleges that until November 25, 1897, she was in receipt of this sum from the defendants, but that they failed to make these payments since that time, although they still continue to conduct the business. This action was brought to recover the sum of $1,520, alleged by the plaintiff to be due under this agreement. This claim of the plaintiff was put in issue by the allegations of the answer of the defendants. The evidence presented a sharp conflict, which the verdict of the jury has determined in favor of the plaintiff. The contention now urged by the appellants is that the agreement alleged was without consideration, and that the agreement itself was void for uncertainty. We think that these contentions are without merit. It abundantly appears from the evidence that dissatisfaction existed among the children of the deceased as to his will, and that a contest in the courts was threatened by some of the children of the deceased. The fact that the plaintiff compromised her claim, and relinquished her right to contest, furnished legal consideration for the agreement alleged. Rector, etc., v. Teed, 120 N. Y. 583, 24 N. E. 1014. The jury have found that the defendants agreed to pay the plaintiff $10 a week out of the business as long as they continued the business. This was a definite and certain period, during which the defendants obligated themselves to make this payment. The defendants Alfred and William claim that, if the alleged agreement was made with the defendant Charles, the motion made by their counsel upon the trial to dismiss the complaint as to them should have been granted. This motion was denied, and an exception duly taken; but the motion was not renewed at the close of the case, and this question is not presented to us for review. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27;